**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH C. LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>　　　　　Defendant. | Case No. **'20CV1940 BEN AHG**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT CONSUMER PROTECTION ACT, 15 U.S.C. §1692 *ET SEQ.*;**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Elizabeth C. Lopez ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of I.Q. Data International, Inc. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida, a substantial portion the events or omissions giving rise to the

claims occurred within the Middle District of Florida, and Plaintiff resides in the Middle District of Florida.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a third party debt collection service with its principal place of business located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects upon consumers located within the state of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the conduct giving rise to this action, Plaintiff rented and resided in an apartment unit.

8. Subsequently, Plaintiff left the apartment unit and incurred a debt in the amount of approximately $713 ("subject debt").

9. Sometime thereafter, Defendant acquired the right to collect on the subject debt.

10. In September 2020, Plaintiff placed a phone call to Defendant in an attempt to set up a payment plan to pay off the subject debt. During this call, Plaintiff spoke with a representative named "Patrick." Patrick stated that they were unable to make a payment arrangement and that she would need to "transfer" the debt. When Plaintiff asked about transferring the debt, Patrick explained he meant taking out a loan and paying the debt in full. Plaintiff then explained she could

not afford to take on more debt, to which Patrick responded she would not be taking on more debt and told her it was the only way out of the problem she was having.

11. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to emotional distress.

## **DAMAGES**

12. Defendant's misleading and deceptive collection conduct has severely disrupted Plaintiff's daily life and general well-being.

13. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

14. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, nuisance, emotional distress, harassment, emotional distress, and anxiety.

15. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## **COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

17. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

18. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

19. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

20. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

21. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

22. Defendant violated 15 U.S.C. §§1692e, e(10), and f through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    **a. Violations of FDCPA § 1692e**

23. Defendant violated §1692e and e(10) when it misleadingly stated Plaintiff's only way out of the situation was to take out a loan and pay off the subject debt. Moreover, Defendant violated §1692e and e(10) when it told Plaintiff she could "transfer" the subject debt. Plaintiff was not "transferring" the debt, she was merely paying off Defendant and incurring a debt with someone else. Finally, Defendant made a false representation to Plaintiff by stating that taking a loan out and paying off the subject debt would help her be approved for an apartment. Defendant is not a credit expert and is unable to make such assertions. Moreover, Defendant never stated they would remove the trade line from Plaintiff's credit, and failed to inform Plaintiff any loan she took out may also appear on her credit, potentially decreasing her score.

    **b. Violations of FDCPA § 1692f**

24. Defendant violated §1692f when it unfairly and unconscionably required Plaintiff to attempt to obtain a pay day loan to pay off her debt..

25. Upon information and belief, Defendant systematically attempts to collect debts through misleading and unconscionable conduct and has no procedures in place to assure compliance with the FDCPA.

26. As stated above, Plaintiff was severely harmed by Defendant's conduct.

4

**WHEREFORE**, Plaintiff ELIZABETH C. LOPEZ respectfully requests that this Honorable Court:

  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

  c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

  d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: September 30, 2020                         Respectfully submitted.

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda (State Bar No. 259178)
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North, Suite 400
San Diego, California 92108
Telephone: 310-997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*